SUPERIOR COURT
OF GUAM

2014 DEC 16 AM 8: 24

CLERK OF COURT

BY: [signature]

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| IRENE C.M. PAYUMO, ) | **DOMESTIC CASE NO. DM0083-12** |
| Plaintiff, ) | |
| ) | **DECISION AND ORDER** |
| vs. ) | |
| LEO D. PAYUMO, ) | |
| Defendant. ) | |

## INTRODUCTION

This matter came before the Honorable James L. Canto II on Defendant Leo D. Payumo's motion to amend findings of fact and conclusions of law and alternative motion for new trial, filed July 2, 2014. Oral arguments were heard on October 13, 2014. Attorney Daniel S. Somerfleck appeared on behalf of Plaintiff, and Attorney Zachary C. Taimanglo represented Defendant. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

On June 17, 2014, the Court issued a findings of fact and conclusions of law in this case, granting dissolution of marriage on the ground of irreconcilable differences, awarding Plaintiff sole legal and physical custody of the parties' minor children subject to Defendant's visitation. (Finds. Fact & Concl. L., 4, Jun. 17, 2014).

On July 2, 2014, Defendant filed a motion to amend findings of fact and conclusions of law, and in the alternative, a motion for new trial. Defendant argues that the following finding

ORIGINAL

of fact is not supported by evidence at trial: "The Court also heard testimony as to . . . how the parties [sic] child Nicholas was physically attacked by the Defendant which resulted in the Defendant being removed from the parties [sic] residence." (Mot. Amend, 4, Jul. 2, 2014). Furthermore, Defendant moves the Court to amend the findings of fact and conclusions of law so that the parties have joint legal and physical custody of the minor children, asserting that the evidence presented at trial does not support a finding that joint custody goes against the children's best interest. *Id.* at 4-5. With respect to visitation, Defendant moves the Court to: (1) amend the findings of fact and conclusions of law so that the minor children are specifically named as Plaintiff and her family are depriving Defendant of contact, visitation, and communication with the youngest child, Hailey; and (2) to amend the findings of fact and conclusions of law such that the exchange of the children take place at Erica's House. *Id.* at 5-6. Lastly, Defendant requests that the standard admonishment to parties in cases involving minor children be included in the findings of fact and conclusions of law. *Id.* at 6.

On August 29, 2014, Defendant filed a supplemental brief to its original motion. Because Defendant secured a new apartment suitable for extended visitations with the children and Plaintiff revoked the privilege of extended visitation with the children, Defendant seeks to modify the visitation order such that he be granted all-day visitation with all the children each Saturday. (Supp., 2, Aug. 29, 2014).

On September 5, 2014, Plaintiff filed an opposition. Plaintiff argues that Defendant failed to articulate how the Court was clearly erroneous or how re-hearings have been granted on similar equitable grounds by other courts on Guam. (Opp'n Mot., 2, Sept. 5, 2014). Plaintiff argues that there was testimony that there was a physical altercation between Defendant and the parties' children. *Id.* Plaintiff further asserts that, as testified at trial, Defendant made no effort to remain involved in the children's education or lifestyle other than providing financial support. Refuting Defendant's assertion that with an award of sole custody, the Plaintiff is "free to ship the children off to where she sees fit with no recourse to Defendant," Plaintiff contends that Defendant's characterization is inaccurate; arguing that such an action by the Plaintiff would violate the Court's order. *Id.* at 3. Further, Plaintiff asserts that issues pertaining to

ORIGINAL

visitation and admonishments in the Defendant's motion filed on July 2, 2014 have been addressed by the Court. *Id.* at 2. With respect to amendments of visitation founded upon the supplemental motion, Plaintiff argues that modification of the Court's order on August 29, 2014 will be against the Court's determination of the best interest of the children. *Id.* Lastly, Plaintiff requests attorney's fees and costs associated with the present motion.

On September 12, 2014, Defendant filed a reply. Defendant reiterates that the record at trial does not support a finding that Defendant ever attacked his son and that the incident was the reason for his removal from the home. (Reply, 2, Sept. 12, 2014). As to the custody issue, Defendant claims that Defendant's non-involvement in the upbringing of the children was Plaintiff's own doing. *Id.* Furthermore, Defendant defends his assertion that Plaintiff may ship the children off with no recourse to Defendant as accurate. *Id.* at 3. In addition, Defendant contends that the motions filed in this matter were exercised in good faith, especially in light of the fact that the Plaintiff failed to comply with the Court's visitation orders until the threat of jail time. *Id.*

## DISCUSSION

### I.  Rule 52 of the Guam Rules of Civil Procedure

Rule 52(a) of the GRCP provides, in part, as follows: "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless *clearly erroneous*, and due regard shall be given to the opportunity of the trial court to judge of [*sic*] the credibility of the witnesses." Guam R. Civ. P. 52(a) (emphasis added).[1]

As a threshold issue relating to the viability of Defendant's motion, he fails to analyze the Court's alleged error in the applicable legal standard - clear error. *See Lamb v. Hoffman,* 2008 Guam 2 ¶ 35 ("It is not sufficient for a party simply to announce a position or assert an

---

[1] Defendant moved to amend the Court's findings of fact and conclusions of law pursuant to Rule 52 and 59(e) of the Guam Rules of Civil Procedure. (Mot. Amend, 1-3, Jul. 2, 2014); (Reply, 1, Sept. 12, 2014). Rule 59(e) provides that any motion to alter or amend a judgment shall be filed no later than 10 days after entry of judgment. As such, the Court's analysis will focus on Rule 52, which provides the standard of review of amendments to findings of fact.

error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position."). "A finding is clearly erroneous when, even though some evidence supports it, the entire record produces a definite and firm conviction that the court . . . committed a mistake." *Guam Ethics Bar Comm. v. Maquera*, 2001 Guam 20 ¶ 15 (*quoting Yang v. Hong*, 1998 Guam 9 ¶ 4). Each of Defendant's requested amendments will be discussed below under the above standard.

### a. Defendant's Attack of Nicholas

During trial, Plaintiff's counsel asked Defendant if he ever got into a physical fight with Nicholas, Plaintiff and Defendant's son. (Testimony of Leo D. Payumo, Record Log at 11:37:05, Apr. 21, 2014). Defendant denied this allegation. *Id.* This was the only instance during the trial that a physical altercation with Defendant and Nicholas was mentioned. There being no other evidence of such altercation, the review of the entire trial record reveals that the Court's finding was clearly erroneous. *Maquera*, 2001 Guam 20 ¶ 15. As such, the Court shall strike from the Court's findings of fact and conclusions of law any mention of Defendant's physical altercation with Nicholas. Thus, lines 12-15 of the findings of fact and conclusions of law issued on June 17, 2014 shall now read as follows: "The Court also heard testimony as to how the Plaintiff's family came to the parties' assistance."

### b. Custody

With respect to the issue of the children's custody, the Court finds that Defendant failed to demonstrate the Court's clear error in awarding Plaintiff sole legal and physical custody subject to Defendant's visitation rights. Although evidence was presented to show that Defendant supported Plaintiff and the children financially, evidence was presented to show that Defendant had gambling-related issues in the past, Defendant left them without notice, and that Defendant was not involved in the children's education. In the midst of such evidence supporting the Court's conclusion that it is in the best interest of the children for the Plaintiff to



have sole legal and physical custody over them subject to Defendant's visitations rights, it cannot be said that the Court committed clear error. *Maquera*, 2001 Guam 20 ¶ 15.

Defendant raises the concern that "Plaintiff may ship the children off with no recourse to Defendant." (Mot. Amend, 4, Jul. 2, 2014); (Reply, 3, Sept. 12, 2014). However, Plaintiff testified that she has no intention of taking the kids off of Guam. (Testimony of Irene C.M. Payumo, Record Log at 10:51:20, Apr. 21, 2014). She also indicated that she registered the kids for the next school year and that school is the number one priority for her kids. *Id.* The Court finds that the risk warranted by Defendant is minimal in this case. Furthermore, to modify the Court's previous child custody determination, Defendant must demonstrate a substantial change in circumstances relative to the facts and circumstances that existed at trial. *See Collier v. Harris*, 261 P.3d 397, 403 (Alaska 2011). Defendant failed to demonstrate such a change. Therefore, Defendant's request to amend the Court's orders regarding the children's custody is denied.

### c. Visitation

On August 29, 2014, the Court ordered the exchange of the children to take place at Erica's House on Saturdays – 11 a.m. for pick up and 5 p.m. for drop off. (Order of Exchange at Erica's House, Aug. 29, 2014). The order includes the names of all three of the parties' minor children. The Court finds that this is sufficient to address Defendant's concern that visitation occur between all three children. (Mot. Amend, 5-6, Jul. 2, 2014); (Reply, 2, Sept. 12, 2014).

Defendant further requests all-day visitation with the three children each Saturday. (Supp., 2, Aug. 29, 2014). In support of this request, Defendant states that he secured a new residence after trial on April 21, 2014, where Isaiah and Analysa have spent weekends with Defendant with permission from Plaintiff. (Decl. Leo D. Payumo, 1, Aug. 27, 2014).

At the motion hearing on October 13, 2014, Defendant's attorney stated that Plaintiff is still disobeying the Court's visitation order. (Record Log at 9:30:29, Oct. 13, 2014). Plaintiff's attorney stated that she has been in compliance outside of the instances when the children were

sick. (Record Log at 9:32:30, Oct. 13, 2014). Amidst the conflicting reports by the two sides, the Court finds that it is in the best interest of the children to maintain the visitation order issued on August 29, 2014. 19 GCA § 8404(1)(g) (2013).

**d. Admonishment to Parties**

Although Plaintiff claims this issue has been resolved, based on the parties' circumstances after trial, the Court shall reiterate the importance of the following admonishments by adding them to the Court's findings of fact and conclusions of law issued on June 17, 2014, pursuant to the Court's authority in Rule 59(a) of the Guam Rules of Civil Procedure:

1. Parties and other caretakers are not to hinder or interfere with the communications between the child and non-custodial parent;

2. Parties shall allow for reasonable electronic or telephonic communication between the children and the non-custodial parent;

3. Parties and other caretakers shall conduct themselves at all times in such a manner as to insulate the children from any friction between the parties, to avoid alienation of the child's affection for each parent, and to consider each other in arranging visitation or contact;

4. The parties and other caretakers shall exercise, in good faith, their best efforts to encourage and foster the maximum relations of love and affection between the children and their mother and father; and

5. No parent shall in any way impede, obstruct, or interfere with the exercise by the other of their right of companionship with the minor children, and neither of them at any time shall in any manner disparage or criticize the other parent, nor allow any other individual to do so in the presence of the minor children.

///

///

///

ORIGINAL

## CONCLUSION

Based upon the foregoing, Defendant Leo D. Payumo's motion to amend findings of fact and conclusions of law and alternative motion for new trial is hereby GRANTED in part. Having granted Defendant's motion in part, Plaintiff shall not be awarded attorney's fees and costs incurred in this motion.

SO ORDERED this _____16TH_____ day of December, 2014.

HON. JAMES L. CANTO II
Judge, Superior Court of Guam

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:
Atty. Daniel S. Somerfleck.
Atty Zachary C-Taimanglo
Date 12/16/14 Time: 8:30 am

Deputy Clerk, Superior Court of Guam